**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2022-0670, <u>State of New Hampshire v. Stephan Frosch</u>, the court on March 18, 2024, issued the following order:**

The court has reviewed the written arguments and record submitted on appeal and has determined to resolve the case by way of this order.  <u>See</u> <u>Sup. Ct. R.</u> 20(2).  Following a jury trial in Superior Court (<u>Anderson</u>, J.), the defendant, Stephan Frosch, was convicted of first degree assault.  RSA 631:1, I(a) (Supp. 2023).  On appeal, he argues: (1) the trial court erred by allowing jurors who had expressed concern regarding personal interactions with the defendant's father during the trial to continue as members of the jury without a curative instruction; (2) the prosecutor's questioning of witnesses during the State's case in chief regarding the defendant's pre-arrest silence violated his right against self-incrimination; and (3) the prosecutor's presentation of evidence and argument claiming that the defendant's father has a history of violence violated the defendant's rights to due process and a fair trial.  We affirm.

On December 3, 2020, a small group of friends met at the defendant's residence.  Among those in attendance were the defendant and his father, the victim, and H.Z.  The defendant was in his early 20's, while the victim was in his 50's.  At some point, H.Z. called 9-1-1 to report an assault upon the victim.  When the police arrived, she told them that she did not know why the defendant had done what he did, that the defendant had been on top of the victim and "hit him about a million times," that the victim was not moving but that the defendant "just kept hitting him," and that if she had not shoved the defendant off the victim, "then [the defendant] would have killed him."  The victim had severe injuries to his face, spent five days in the intensive care unit and underwent several reconstructive surgeries.  The defendant testified, and claimed that he acted in self-defense.

During the trial, the court conducted <u>voir dire</u> regarding concerns raised by two jurors about the defendant's father's behavior.  On appeal, the defendant contends that the trial court failed to determine whether juror #4 could be fair and impartial, and failed to issue a curative instruction regarding consideration by the jury of the defendant's father's conduct.  Because these issues were not preserved for appellate review, the defendant argues that the trial court committed plain error.  <u>See</u> <u>Sup. Ct. R.</u> 16-A.

"The plain error rule allows us to consider errors that were not raised in the trial court.  We apply the rule sparingly, its use limited to those

circumstances in which a miscarriage of justice would otherwise result.  To reverse a trial court decision under the plain error rule: (1) there must be an error; (2) the error must be plain; (3) the error must affect substantial rights; and (4) the error must seriously affect the fairness, integrity or public reputation of judicial proceedings."  State v. Ruiz, 170 N.H. 553, 566 (2018) (quotations omitted).

After describing the father's behavior of having waved to her in the court parking lot, juror #4 confirmed that she had no concerns about her ability to be fair and impartial, and that she would still give the defendant the presumption of innocence.  The trial court thereafter offered to instruct the jury not to consider any reports they may have heard of some jurors having been made to feel uncomfortable by an individual in the parking lot.  The defendant declined the offer so as to avoid "mak[ing] it any more of a bigger deal."  Although no instruction was then given to the jury, at the end of the trial the jury was instructed that it "must decide this case based solely on the evidence presented at trial."  The court explained: "Now, during deliberations, you should consider only the evidence presented at trial.  The evidence consists of the testimony under oath of the witnesses and exhibits that have been admitted into evidence."

In light of juror #4's statements regarding her ability to be fair and impartial, we see no plain error in the trial court's decision to permit her to remain on the jury without the need for additional voir dire.  Similarly, in light of the defendant's decision to decline the trial court's offer of a jury instruction coupled with the instructions given to the jury at the end of the trial, we again see no plain error.  Cf. State v. Rawnsley, 167 N.H. 8, 13 (2014) (cautioning against transforming trial counsel's strategic decisions into plain error at appellate counsel's urging).

We next consider the defendant's evidentiary arguments.  During the State's case in chief, Officer Giffin testified that the defendant did not make a report claiming self-defense during the weeks that followed the assault.  The defendant did not object to this testimony.  Thereafter, Sergeant Blake was asked whether the defendant had claimed self-defense in the month before he was arrested.  The defendant objected, and the trial court sustained his objection.  The defendant then requested the court to instruct the jury as to "everybody's Constitutional right to remain silent."  The court agreed, and instructed the jury that "[a]ll Defendants have a right to remain silent."  On appeal, the defendant argues that the prosecutor "knowingly elicited testimony on two separate occasions during the State's case in chief related to the defendant's pre-arrest silence," and that the trial court's "curative instruction . . . failed to adequately address this overstep by the prosecutor."

We agree with the State that the defendant has failed to preserve these issues for appellate review.  The defendant failed to object to Officer Giffin's

testimony.  When the defendant did object during Sergeant Blake's testimony, his objection was sustained, his request for a jury instruction was granted, and he did not object to the instruction that was actually given.  Accordingly, the defendant has not preserved this issue for appellate review.  See State v. Ruiz, 170 N.H. 553, 565 (2018) (contemporaneous and specific objection required to preserve issue for appellate review).

To the extent that the defendant argues that the trial court committed plain error, we disagree.  As the defendant notes in his brief, we have indicated that reference by a witness to a defendant's silence may be remedied through the issuance of a curative instruction.  See State v. Reid, 161 N.H. 569, 576 (2011).  Here, the trial court instructed the jury that all defendants have a right to remain silent.  Even if we assume that the trial court's failure either to sua sponte strike testimony of Officer Giffin or to give a curative instruction other than the instruction requested by the defendant constituted error, we are not persuaded that any such error was plain.

The defendant next argues that the trial court erred by admitting evidence that when he was being arrested, the defendant stated to the police: "This is crazy.  My dad has done what I did a million times and he has never been arrested for it."  The defendant argues that this evidence constituted inadmissible character evidence of the defendant's father's propensity for violence, was "entirely irrelevant to any facts at issue in this case," and was unfairly prejudicial.  The defendant also points to other evidence, to which he did not object, that he contends constituted prejudicial evidence of his father's propensity for violence.

We need not decide whether the trial court erred with respect to any of this evidence because we agree with the State that any error was harmless.

To establish harmless error, the State must prove beyond a reasonable doubt that the error did not affect the verdict.  This standard applies to both the erroneous admission and exclusion of evidence.  We consider the alternative evidence presented at trial as well as the character of the erroneously admitted evidence itself.  To determine whether the State has proven beyond a reasonable doubt that an error did not affect the verdict, we must evaluate the totality of the circumstances at trial.

The factors that we consider in assessing whether an error did not affect the verdict include, but are not limited to: (1) the strength of the State's case; (2) whether the admitted or excluded evidence is cumulative or inconsequential in relation to the strength of the State's case; (3) the frequency of the error; (4) the presence or absence of evidence corroborating or contradicting the erroneously

3

admitted or excluded evidence; (5) the nature of the defense; (6) the circumstances in which the evidence was introduced at trial; (7) whether the court took any curative steps; (8) whether the evidence is of an inflammatory nature; and (9) whether the other evidence of the defendant's guilt is of an overwhelming nature.  No one factor is dispositive.  We may consider factors not listed above, and not all factors may be implicated in a given case.

State v. Rouleau, 176 N.H. ___, ___ (decided Jan. 19, 2024) (citations omitted).  The State's case was strong — there was no dispute that the defendant hit the victim; the question was whether the defendant acted reasonably in self-defense.[1]  The nature and extent of the victim's injuries, combined with H.Z.'s statements given the night of the incident, provided overwhelming evidence that the defendant did not act reasonably in self-defense.  In addition, the defendant's statement to the police — the statement to which the defendant objected at trial — was not inflammatory, and consisted of a single statement that was inconsequential in relation to the strength of the State's case.  We conclude beyond a reasonable doubt that any error did not affect the verdict.

Finally, we note that the defendant argues that although he did not move for a mistrial, the State's closing argument was so prejudicial that it created an irreparable injustice requiring a new trial.  During the State's closing argument, the defendant objected three times.  We agree with the State that to the extent that any of the prosecutor's word choices during his closing argument were prejudicial to the defendant, that prejudice was cured when the prosecutor clarified for the jury the points with which defense counsel took issue.

Affirmed.

MacDonald, C.J., and Bassett, Hantz Marconi, Donovan, and Countway, JJ., concurred.

**Timothy A. Gudas,**
**Clerk**

---

[1] The trial court instructed the jury, in part: "A person is only allowed to use that amount of force he reasonably believes was necessary for self-defense.  A person is not permitted to use excessive force in self-defense, only a reasonable amount of force.  The person can use the amount of force which he believes is necessary under the circumstances, as long as, at the time, there were reasonable grounds for his belief."  See State v. Etienne, 163 N.H. 57, 70 (2011).

4